UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANGELINA HENDRIX et al., | Case No. 2-20-cv-01856-RFB-EJY |
| Plaintiff, | **ORDER** |
| v. | |
| PROGRESSIVE DIRECT INSURANCE COMPANY, | |
| Defendant. | |

## I.   INTRODUCTION

Before the Court are two motions for partial summary judgment, both brought by Defendant Progressive Direct Insurance Company ("Defendant"). ECF Nos. 34, 35. For the reasons stated below, the Court grants Defendant's motion as to Plaintiff's future damages claims and grants in part and denies in part Defendant's motion as to Plaintiff's bad faith claims.

## II.   PROCEDURAL BACKGROUND

Angelina Hendrix (former Plaintiff) and John Lanza (Plaintiff) filed their complaint in Eighth Judicial District Court, Clark County, Nevada on August 28, 2020. (Case No. A-20-820369-C). Defendant filed a petition for removal on October 5, 2020. ECF No. 1. On October 9, 2020, Defendant filed its answer to the complaint. ECF No. 6. On June 2, 2021, Defendant filed a motion for summary judgment against former Plaintiff. ECF No. 18. The motion was fully briefed as of July 7, 2021.

On March 23, 2022, the Court held a hearing on Defendant's motion and dismissed former Plaintiff from this matter, issuing its ruling on the record. ECF No. 31. On July 11, 2022, Defendant filed the instant motions seeking partial summary judgment both as to Plaintiff's request

for damages for future loss of income, earning capacity, and medical expenses and as to Plaintiff's bad faith claims. ECF Nos. 34, 35. Plaintiff filed responses to the motions on July 29, 2022. ECF Nos. 36, 37. Defendant filed its reply as to each motion on August 12, 2022. ECF Nos. 38, 39. This order follows.

### III.   FACTUAL BACKGROUND

The Court finds that the following facts are undisputed.

On June 7, 2018, Plaintiff was involved in an automobile accident with non-party Dwayne Elliot, who was driving a car owned Mary Holland. Plaintiff was a no-fault passenger in former Plaintiff Angelina Hendrix's car. Plaintiff and former Plaintiff settled their claims with the tortfeasors Elliot and Holland for $30,000.00, the full policy limit of Elliot and Holland's insurance.

Prior to this accident, on February 17, 2018, Plaintiff had secured an auto policy with Defendant Progressive and listed only himself as an insured under the policy. The policy contained an Uninsured/Underinsured Motorist (UI/UIM) coverage provision with a coverage limit of $100,000.00. In this civil lawsuit, Plaintiff seeks, among other forms of relief, damages for future medical expenses, future pain and suffering, and future loss of earning capacity. Two of Plaintiff's claims allege bad faith and breach of the Unfair Trade Practices Act (UCPA), respectively.

On January 24, 2019, Defendant offered Plaintiff a compromise settlement offer of $28,165.00 to resolve Plaintiff's bodily injury claim. Plaintiff presented a counteroffer of $95,000.00 by counsel. On October 29, 2019, Defendant made a final offer of settlement to Plaintiff. Defendant offered $30,000.00 to settle Plaintiff's claim. Discovery in this case closed on May 9, 2022. Plaintiff did not designate any physicians or medical professionals as retained experts. Plaintiff did not experience wage loss because of the accident and is not making a claim for lost wages in this matter.

The Court finds that the parties dispute whether Plaintiff received $7,500 or $15,000 from the tortfeasors' insurance policy, and when Defendant was made aware of this amount; whether the $16,000.00 offset in the settlement calculation reflected what Plaintiff had been paid by the

tortfeasors or their insurer, or was greater than that amount; what, if any, specific calculations or parameters were used in the evaluation of Plaintiff's claim and the settlement offer made by Defendant; whether any treating physician has opined that Plaintiff would require future medical treatment or experience pain and suffering in the future, as a result of the subject accident; whether Plaintiff will continue to suffer pain based upon the accident; the reasonable value of Plaintiff's UIM claim; and whether Defendant's settlement offer was reasonable.

### IV.     LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322(1986).

When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts …. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted).

It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

### V.     DISCUSSION

For the reasons stated below, the Court grants Defendant's motion for partial summary judgment as to future damages, and denies its motion as to Plaintiff's bad faith claim. The Court addresses each of Defendant's Motions for Partial Summary Judgment in turn.

**A. Future Damages**

Under Nevada law, "when an injury or disability is subjective and not demonstrable to others (such as headaches), expert medical testimony is necessary before a jury may award future damages." Krause Inc. v. Little, 34 P.3d 566, 571 (Nev. 2001).  For objective injuries, no expert testimony is required before a jury sets damages for future pain and suffering. Id., see also Paul v. Imperial Place, 908 P.2d 226, 228-29 (Nev.1995).

In Paul, the injury suffered was a thirty-percent permanent disability in the plaintiff's right arm; at trial, the plaintiff "demonstrated the limits in her arm motion . . . . she could not sleep on her right side because of the pain [or do certain basic cleaning tasks in her home]." Paul, 908 P.2d at 228.  The Nevada Supreme Court held that her disability was not subjective and that, furthermore, there was adequate evidence on the record (including a doctor's deposition testimony) supporting the jury's finding for future pain and suffering. Therefore, the question before the Court is whether Plaintiff's injuries are subjective or objective in nature. If they are subjective, Plaintiff must provide expert medical testimony as to his future pain and suffering and medical expenses.

The parties agree that Plaintiff claims to suffer from headaches and back pain after the accident. The Court finds that under Nevada Law, this constitutes a subjective injury requiring expert medical evidence to establish future medical expenses and future pain and suffering. Gutierrez v. Sutton Vending Service, Inc., 397 P.2d 3, 4 (1964).

Discovery in this case closed on May 9, 2022. Plaintiff has provided no expert testimony by a physician or medical professional who could assess the reasonable probability that he would require future medical expenses or experience future pain and suffering in relation to any neck and back injuries. Although Plaintiff states that "it is anticipated" that his treating doctors will support his contention that he will continue to suffer and require such treatment, he has failed to provide such information or testimony by the discovery deadline.

Plaintiff and Defendant initially requested an extension of the discovery period so that treating physicians could be deposed. ECF No. 27.  The Court granted the request and extended the discovery deadline to May 9, 2022. ECF No. 28.  Eight months after the close of discovery, Plaintiff is not yet certain whether his treating physicians can confirm that he will need future treatment.  The record is devoid of the required expert evidence needed to establish future medical

4

expenses and future pain and suffering under Nevada Law.  Plaintiff may not seek these forms of relief at trial.

Additionally, the only claims for future loss of earning capacity are linked to Plaintiff's future medical expenses and future pain and suffering claims.  The deposition testimony referenced in Plaintiff's Response to Defendant's Motion is illustrative of this point:

> **Q**: Now, in the future, if it turns out that you need some kind of treatment because of this accident, you may have to miss time from work; is that fair?
> **A**: Correct.
>
> Deposition of John A. Lanza, ECF No. 37-1 at 82:24

As Plaintiff does not have a claim for future medical expenses as a matter of law for the reasons stated above, Plaintiff may not seek loss of future earning capacity at trial.

### B. Bad Faith and UCPA Claims

Under Nevada Law, there are different standards of review for bad faith claims in the insurance context. Defendant argues it is entitled to judgment as a matter of law as to Plaintiff's claims of (1) bad faith and breach of the implied covenant of good faith and fair dealing, and (2) violations of the Unfair Claim Practices Act (UCPA).  The Court denies Defendant's motion as to Plaintiff's bad faith claims because the facts on the record construed in the light most favorable to Plaintiff raise a genuine dispute as to whether Defendant acted in bad faith. However, the Court partially grants Defendant's motion as to Plaintiff's UCPA claim for the reasons stated below.

#### 1. Breach of the implied covenant of good faith and fair dealing

Every insurance contract contains an implied obligation of good faith and fair dealing; violation of this obligation gives rise to a claim of bad faith. Guaranty Nat'l. Ins. Co. v. Potter, 912 P.2d 267, 272 (Nev. 1996)("[b]ad faith is established where the insurer acts unreasonably and with knowledge that there is no reasonable basis for its conduct."). In order to establish a breach of the implied covenant of good faith and fair dealing, the plaintiff must prove the following: (1) the insurance company had no reasonable basis for its conduct in the handling of plaintiff's claim; (2) the insurance company knew, or recklessly disregarded, the fact that there was no reasonable basis for its conduct; and (3) the insurance company's unreasonable conduct was a legal cause of harm

1  to the plaintiff. See Falline v. Golden Nugget Hotel & Casino, 823 P.2d 888, 891 (Nev. 1991)
2  ("Bad faith ... has been defined as 'the absence of a reasonable basis for denying benefits . . . and
3  the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the
4  claim."). Plaintiff also contends that Defendant refused to tender the undisputed portion of the
5  insurance policy coverage as required by Nevada Administrative Code § 686A.675(7). Breach of
6  the Implied Covenant of Good Faith and Fair Dealing

7  The parties disagree about whether Defendant acted reasonably in offering a $30,000.00
8  settlement offer to fully address Plaintiff's claim, when the policy limit on the UIM policy was
9  $100,000. Plaintiff argues that this was unreasonable and offers an expert witness report of a
10 lawyer and law professor who specializes in insurance and contract law, Mr. Stempel, in support
11 of its position. Defendant states it offered $12,440 and $14,275 for Plaintiff's pain and suffering
12 in its two offers. ECF No. 39 at 5. Plaintiff's expert opines that it is common in insurance cases
13 for three times the medical expenses to be deemed a pain and suffering award and finds
14 Defendant's settlement offer was therefore unreasonable. ECF No. 36-4 at 21.

15 Defendant argues that Mr. Stempel issued an unsubstantiated opinion that Defendant
16 should have consulted medical experts prior to issuing its settlement offer; Mr. Stempel cites no
17 industry standard or other basis for making such claim, nor does he offer any legal authority to
18 support his opinion. Defendant further argues that where there is a genuine dispute between the
19 parties as to the value of the claim, there cannot be a finding of bad faith.

20 The Court finds that there are genuine issues of disputed fact and denies summary judgment
21 as to the bad faith claim. First, there are actual "genuine" disputes as to whether Defendant's
22 valuation and offer for claim were reasonable and made in bad faith. These disputes include: a.)
23 whether or not Defendant improperly included a $16,000 offset to its valuation based upon monies
24 that Plaintiff alleged received from other sources, b.) whether Defendant even had a reasonable
25 basis for its valuation when its company representative could not even set forth the basis for
26 Defendant's valuation/offer, c.) whether Defendant, based upon the testimony of Plaintiff's expert,
27 disregarded known industry standards and methods for investigation and valuation, and d.)
28 whether or not the adjuster who came with Defendant's valuation offered nothing more than a

6

subjective estimation without relying upon any objection or identifiable standards.

Second, the Court rejects the argument that the "genuine dispute doctrine" can serve as a basis for this Court to rule as a matter of law for Defendant. As an initial matter, this doctrine has not been adopted by Nevada in the formulation articulated by Defendant; to do so would eviscerate the very existence of a bad faith insurance claim under Nevada law. Defendant essentially asserts that if an insurance company makes an offer that it believes to be 'reasonable' to an insured to settle a claim, and the insured counteroffers or has already offered a different amount or value to the claim, there exists a "genuine dispute" of value and the reviewing court must rule as a matter of law at the summary judgment stage in favor of the insurer since it made what it believed was a 'reasonable' offer. To adopt such a rule would incentivize insurance companies to encourage their employees, adjusters, and experts to routinely undervalue claims in their formal offers knowing that so long as the valuation was not absurd on its face, the company could later obtain dismissal of any lawsuit pursuant to the doctrine notwithstanding its intentional low-balling of a claim.

Moreover, the Court rejects the Defendant's attempt to use the "genuine dispute doctrine" to invert the established summary judgment inquiry with its argument that Nevada law requires a trial court to determine as a matter of law whether an insurer had "a reasonable basis" for its evaluation and forces the Plaintiff insured to affirmatively prove, undisputedly, that the insurer did not have a reasonable basis for its offer. *Using the doctrine in this fashion turns the summary judgment inquiry on its head by allowing for a 'genuine dispute' of facts to actually serve as a basis for the Court to rule as a matter law rather than requiring the factual dispute to be resolved by a jury or factfinder.* See Amadeo v. Principal Mut. Life Ins. Co., 290 F.3d 1152, 1161 (9th Cir. 2002) (emphasizing that "[t]he reasonableness of an insurer's claims-handling conduct is ordinarily a question of fact [for a factfinder].").

Indeed, in California, where this doctrine originated, the California Supreme Court has explained that the application of this doctrine in the manner suggested by Defendant would actually be an improper expansion of this limited doctrine. Wilson v. 21st Century Ins. Co., 42 Cal. 4th 713 723-25, 68 Cal. Rptr. 3d 746, 171 P.3d 1082 (2007) (explaining the operation of the doctrine). As the California Supreme Court explained, when it reversed summary judgment in

7

favor of an insurer based on the genuine dispute doctrine, the doctrine does not fundamentally alter the traditional analytic framework for summary judgment:

> "Nor does the rule alter the standards for deciding and reviewing motions for summary judgment. The genuine issue rule in the context of bad faith claims allows a [trial] court to grant summary judgment when it is *undisputed or indisputable that the basis for the insurer's denial of benefits was reasonable*—for example, where even under the plaintiff's version of the facts there is a genuine issue as to the insurer's liability under California law. ... On the other hand, an insurer is not entitled to judgment as a matter of law where, viewing the facts in the light most favorable to the plaintiff, a jury could conclude that the insurer acted unreasonably."

Id. at 724 (citations omitted)(emphasis added). Summary judgement is thus inappropriate in this case even considering the "genuine dispute" doctrine, as there are genuine issues of disputed fact as to the reasonableness of Defendant's conduct in handling and evaluating the claim.

### a. UCPA Claims

Plaintiff's complaint alleges that "Defendant refused to tender undisputed benefits on its valuation of Plaintiff's injury claim and instead attempted to force Plaintiff to negotiate a full and final settlement of his claims" and that this constitutes an unfair trade practice. ECF No. 1.

The Court construes the Complaint and the facts in the record as alleging several distinct UCPA claims under the following subsections of NRS § 686A.310:

> (e) Failing to effectuate prompt, fair, and equitable settlements of claims in which liability of the insurer has become reasonably clear;
>
> (f) Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds, when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered;
>
> (n) Failing to provide promptly to an insured a reasonable explanation of the basis in the insurance policy, with respect to the facts of the insured's claim and the applicable law, for the denial of the claim or for an offer to settle or compromise the claim.

Furthermore, Plaintiff also appears to bring a claim under NRS § 686A.675(7), which states

as follows:

> "Except for a claim involving health insurance, any case involving a claim in which there is a dispute over any portion of the insurance policy coverage, payment for the portion or portions not in dispute must be made notwithstanding the existence of the dispute where payment can be made without prejudice to any interested party."

The Court grants summary judgment as to any claim derived from NRS § 686A.675(7). Defendant argues that it evaluated Plaintiff's claim based on the information available to it, and made offers were for "settlement purposes" (rather than because there were undisputed amounts owed). Plaintiff has not contested this presentation of the facts, and a review of the letters between Plaintiff's counsel and Defendant's claim officer undisputedly express Defendant's intention that its offers were for settlement purposes only. The Court thus finds that, to the extent such a claim could be brought, Plaintiff has not set forth genuine issues of disputed fact as to the existence of an undisputed amount of coverage. The Court therefore dismisses any claim brought pursuant to NRA § 686A.675(7) as a matter of law.

The Court denies summary judgement as to all other claims under the UCPA. For the same reasons stated above, there are genuine disputes of material fact about the sufficiency of the claims officer's investigation, whether the contours of the investigation were made clear to Plaintiff in the manner required by law, and whether the offers were unreasonable such that Plaintiff was compelled to file a civil lawsuit to recoup the amount he reasonably expected to receive under the UIM (in light of both his medical expenses and documented pain and suffering). The Court denies Defendant's motion as to the remaining UCPA claims identified above.

### VI.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant's motion for partial summary judgment [34] as to Plaintiff's future damages is GRANTED consistent with this order.

**IT IS FURTHER ORDERED** that Defendant's motion for partial summary judgment as to Plaintiff's bad faith claims [35] is DENIED IN PART AND GRANTED IN PART consistent

with this order.  The Court dismisses any claim brought under NRA § 686A.675(7) as a matter of law, but all other statutory claims may proceed and the bad faith claim may also proceed.

**IT IS FURTHER ORDERED** that the parties shall submit a Joint Pretrial Order by **April 28, 2023**.

DATED: March 22, 2023.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**