UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANGELA HENDRIX *et al.*, | Case No. 2:20-cv-01856-RFB-EJY |
| Plaintiffs, | **ORDER** |
| v. | |
| PROGESSIVE DIRECT INSURANCE COMPANY, | |
| Defendant. | |

Before the Court is Defendant Progressive Direct Insurance Company ("Progressive")'s Motion for Attorney Fees (ECF No. 50) and Former Plaintiff Angela Hendrix's Motion for Re-Taxation of Costs (ECF No. 56). For the reasons below Progressive's Motion for Attorney Fees is denied and Hendrix's Motion for Re-Taxation is granted in part and denied in part.

**I.   PROCEEDURAL HISTORY**

Hendrix and Plaintiff John Lanza brought this lawsuit on August 28, 2020, following a motor vehicle accident in June 2018. ECF No. 1. Progressive removed the case to this Court on October 5, 2020. Id. On March 23, 2022, the Court dismissed Hendrix from this matter. ECF No. 31. Approximately one year later, on February 3, 2023, Progressive moved to certify the Judgement against Hendrix, which the Court granted on July 26, 2023. ECF Nos. 41, 49.

On August 9, 2023, Progressive filed A Motion for Attorney Fees and a Bill of Costs. ECF Nos. 50, 51. Hendrix responded on August 23, 2023, to which Progressive replied on August 30, 2023. ECF Nos. 52, 54. With no objection filed, the Clerk of Court filed Costs Taxed on September 12, 2023. ECF No. 55. Hendrix filed the instant Motion for Re-Taxation of Costs on September 14, 2023. ECF No. 56. The matter was fully briefed. ECF Nos. 57, 58. The Court's order follows.

## II. MOTION FOR ATTORNEY FEES

The Court first considers Progressive's Motion for Attorney Fees. In an action, as here, based on state law claims, federal courts are required to follow state law in determining whether to allow attorneys' fees. Price v. Seydel, 961 F.2d 1470, 1475 (9th Cir. 1992); Swallow Ranches, Inc. v. Bidart, 525 F.2d 995, 999 (9th Cir. 1975); see also Erie R. Co. v. Tompkins, 304 U.S. 64 (1938). Nevada follows the so-called "American rule," under which litigants must bear their own attorney's fees in the absence of a rule, statute, or contract providing otherwise. Alyeska Pipeline Co. v. Wilderness Soc'y, 421 U.S. 240 (1975); Pardee Homes v. Wolfram, 135 Nev. 173, 174 (2019) ("Nevada adheres to the American Rule of attorney fees[.]"). Under Nevada Revised Statute 18.010(2)(b), courts may make award fees where the action was brought or maintained without reasonable ground or to harass the prevailing party.

Progressive argues that it is entitled to attorney's fees of $13,207.00 incurred in defending against Hendrix's claims because she had no reasonable grounds to bring this action. Specifically, Progressive argues the express, defined terms of Plaintiff Lanza's insurance policy she sought coverage under did not apply to Hendrix. Hendrix counters that the Court should now award fees because her claims were not frivolous—she had a good faith belief she was covered under the policy as a member of Lanza's household.

As a preliminary matter, Hendrix also argues that Progressive's Motion was untimely brought one year after the Court granted summary judgment against Hendrix. Federal procedure governs the process for awarding state law attorney fees in diversity cases. Carnes v. Zamani, 488 F.3d 1057, 1059 (9th Cir. 2007). Fee motions must be "filed no later than 14 days after entry of judgement." Fed. R. Civ. Pro. 54(d)(2). Judgement was entered on July 26, 2023, and Progressive filed the instant motion fourteen days later. Therefore, the Court finds the Motion was timely. See also Fed. R. Civ. Pro. 51(a) (defining judgement).

A court may award attorney's fees to the prevailing party when "the court finds that the claim . . . of the opposing party was brought or maintained without reasonable ground or to harass the prevailing party." NRS 18.010(2)(b). There is no dispute that Progressive is the prevailing party. Progressive also makes no claim of harassment, so the Court focuses its analysis on whether

Hendrix had reasonable grounds for bringing or maintaining her claim.

The statute itself explains that the legislative intent behind it was to punish and deter "frivolous or vexatious claims" from being brought in Nevada. NRS 18.010(2)(b). To find a claim frivolous, the Nevada Supreme Court has explained that a court "must determine if there was any credible evidence or reasonable basis for the claim at the time of the filing." Rivero v. Rivero, 125 Nev. 410, 441 (2009). Further, a finding that a claim was brought or maintained without reasonable ground must be supported by evidence in the record. Semenza v. Caughlin Crafted Homes, 111 Nev. 1089, 1095 (1995); Chowdhry v. NLVH, Inc., 109 Nev. 478, 486 (1993); see also Duff v. Foster, 110 Nev. 1306, 1309 (1994) ("If an action is not frivolous when it is initiated, then the fact it later becomes frivolous will not support an award of fees.") (quoting State of Fla., Dep't of Health and Rehab. Servs. v. Thompson, 552 So. 2d 318, 319 (Fla. Dist. Ct. App. 1989).

Viewing the totality of circumstances as they existed in 2020 when this case was filed, the Court finds the claims were brought were not frivolous nor brought in bad faith. While Hendrix's theory of liability relied upon a reading of the insurance contract and relevant Nevada statues that the Court ultimately clearly rejected, Hendrix's claim had some reasonable bases at the time of filing to believe that Hendrix could have fallen under the insurance policy. In short, "the law in this case was not free from doubt" and the claim was raised on reasonable grounds, thus an award under NRS 18.010(2)(b) is improper. Key Bank v. Donnels, 106 Nev. 49, 53 (1990); see also Smith v. Crown Fin. Servs. of Am., 111 Nev. 277, 288 (1995) ("Respondents could not recover attorney fees under NRS 18.010(2)(b) because appellants' action was neither groundless nor calculated to harass respondents."). Therefore, Progressive's Motion for Attorney Fees is denied.

### III. Motion for Re-Taxation of Costs

Next the Court considers Hendrix's Motion for Re-Taxation of Costs. By statutes, a judge or court may tax costs related to: (1) fees of the clerk and marshal; fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; and (6) compensation of court appointed experts, compensation of interpreters, and salaries,

fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828]. 28 U.S.C. § 1920. Federal Rule of Civil Procedure 54(2)(1) governs costs and creates a presumption that costs should be awarded to the prevailing party. Berkla v. Corel Corp., 302 F.3d 909, 921(9th Cir. 2002); Fed. R. Civ. P. 54(2)(1). Further, "[a] motion to re-tax must specify the particular portion of the clerk's ruling to which the party objects, and only those portions of the clerk's ruling will be considered by the court. The motion to re-tax will be decided on the same papers and evidence submitted to the clerk." D. Nev. Civ. R. 54-12.

While Rule 54 normally governs even in diversity cases, the Ninth Circuit has recognized an exception where a local cost statute confers a substantive right, the district court may allow costs under that statute. Clausen v. M/V NEW CARISSA, 339 F.3d 1049, 1064-65 (9th Cir. 2003), as amended on denial of reh'g (Sep. 25, 2003); see also Feldman v. Allstate Ins. Co., 322 F.3d 660, 666 (9th Cir. 2003) ("[F]ederal courts sitting in diversity apply state substantive law and federal procedural law.") (citing Erie RR Co. v. Thompkins, 304 U.S. 64 (1938)). In Clausen, an Oregon law that permitted "costs of any kind" as one element of compensatory damages was found to be "substantive in nature" and thus permit the recovery of expert witness fees. 339 F.3d at 1064-65 (emphasis omitted).

The Parties have identified Nevada Revised Statute § 18.020, which creates a mandatory award of costs in cases where plaintiffs seek more than $2,500 in damages, as substantive in this case. Nevada Revised Statute § 18.020 states:

> Costs must be allowed of course to the prevailing party against any adverse party against whom judgment is rendered, in the following cases:
>
> > […] 3. In an action for the recovery of money or damages, where the Plaintiff seeks to recover more than $2,500. […]

Progressive argues the mandatory nature of the award of costs makes this provision substantive in nature and, therefore, 28 U.S.C. § 1920 should not apply. NRS 18.020; Clausen, 339 F.3d at 1065. Where NRS 18.020 applies, Nevada law provides that, "[i]n an action at law . . . the allowance of costs is mandatory and not subject to the court's discretion." Day v. W. Coast Holdings, 699 P.2d 1067, 1070 (Nev. 1985); see also Beattie v. Thomas, 668 P.2d 268, 274 n.5 (Nev. 1983) ("Nevada enacted NRS 18.020, under which allowance of costs to the prevailing party in certain specified

cases in mandatory rather than discretionary."). While "the determination of which expenses are allowable as costs is within the sound discretion of the trial court," Albios v. Horizon Cmtys., Inc., 132 P.3d 1022, 1037 (Nev. 2006) (applying NRS 18.020), the mandatory nature of the award itself makes NRS 18.020 substantive in nature. Clausen, 339 F.3d at 1065. Therefore, the Court finds that NRS 18.020 confers a substantive right and applies here.

Progressive argues as a threshold matter, that the Court should not consider Hendrix's Motion to Re-Tax because she failed to file an objection to the Bill of Costs. Hendrix counters that she did file a response brief to the Bill of Costs raising some of the same objections. Under the local rules, the "[f]ailure to object to a bill of costs may constitute a consent to the award of all costs included, but it does not prevent a party from filing a motion to re-tax . . . subject to the court's consideration of the party's failure to file an objection." D. Nev. Civ. R. 54-1(d). Therefore, bearing Hendrix's failure to object in mind, the Court moves on to the merits of her motion.

Hendrix identifies several items for reimbursement are not recoverable, excessive, or inadequately described or supported by Progressive. The Court considers each in light of prevailing Nevada caselaw and Nevada Revised Statute § 18.005, which defines reasonable cots under NRS 18.020.

Hendrix first objects to $47.45 taxed for a transcript of the March 22, 2022, Hearing on the Motion for Summary Judgement. Nevada courts routinely find court reporting and videographer services as reasonable and necessary under NRS 18.005. See, e.g., Francovich v. Menmuir, 2015 Nev. Dist. LEXIS 2945, at *9-10 (Nev. Dist. Ct., Washoe Cty April 3, 2015).  Progressive argues that NRS 18.005 covers "reasonable and necessary" transcripts and the transcript at issue was required for its Motion for Entry of Final Judgement against Hendrix. The Court disagrees with Progressive. Over the two pages of legal argument in the Motion for Entry of Final Judgement, there are no direct references to the transcript and any information that was relevant from the hearing was available from the Court's February 7, 2023, Minutes of Proceedings. Therefore, the Court will re-tax the transcript fee.

Hendrix next objects to $770.48 taxed for copies of her medical records on the basis that Progressive charged $0.60 per page. While NRS 629.061 states that copies of medical records may

not exceed 60 cents per page, "it is well known in the community that costs of copies are decreased to 10 cents per page. Hendrex argues that, in the alternative, the medical records were never part of the argument presented by Progressive. Progressive cites documentation that they were, in fact, charged 60 cents per page and that copies of the medical records were "reasonable and necessary" should summary judgement be granted. Hendrix's health and injuries were at issue in this case, Progressive's costs are substantiated by invoices. Therefore such records were reasonable and necessary. See Clerk of Court's Opinion, Perez v. Talley, 2019 Nev. Dist. LEXIS 566, at *9 (Nev. Dist. Ct., Clark Cty, June 13, 2019) (finding similar).

Third, Hendrix objects to the combined $22,195.00 taxed for Progressives two experts. The schedule set by the court made it reasonable and necessary to have expert opinions ready. However, Progressive has provided no reason for the Court to exceed the presumptive $1,500 per expert cap beyond arguing that the feeds were commiserate with their experts' knowledge and expertise. See also NRS 18.005(5) (permitting reasonable fees of not more than five expert witnesses in an amount of not more that $1,500 for each witness, unless the court allows for a larger fee made the larger fee necessary). As such, the Court finds that the expert fees should be re-taxed from $22,195.00 to $1,500 per expert for $3,000 total. Because Expert Thomas Winner gave opinions regarding claims of both Plaintiffs, the Court further halves his $1,500 fee to $750.

Finally, Hendrix objects to taxed costs for a $990.30 court reporter fee for the deposition of Hendrix and $218.12 court reporter fee for the deposition of Progressive's Rule 30(b)(6) designee. Deposition fees are categorically defined as costs at NRS 18.005(2). For the deposition of Hendrix, the Court finds that $960.30 of the total of $990.30 are taxable, as the E-bundle with O&1 is not taxable as part of the deposition fees. For the deposition of Progressive's Rule 30(b)(6) designee, the Court finds $193.00 of the total of $218.12 are taxable, as the condensed transcript of $50 is not taxable.[1]

///

///

---

[1] The Court agrees with Progressive and halves the cost relevant to Progressive's Rule 30(b)(6) as the deposition concerned both Plaintiffs.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Progressive Direct Insurance Company's Motion for Attorney Fees (ECF No. 50) is **DENIED**.

**IT IS FURTHER ORDERED** that Former Plaintiff Angela Hendrix's Motion for Re-Taxation of Costs (ECF No. 56) is **GRANTED** in part and **DENIED** in part. The Clerk of court is directed to re-tax the Plaintiff for a total of $4,173.78, itemized as follows:

- Hearing transcripts are re-taxed from $47.45 to $0.00.
- Copies of medical records will not be re-taxed and will remain taxed at $770.48.
- Progressive's fees related to expert witnesses are re-taxed from $22,195.00 to $1,500 for Expert Joseph Schifini, MD, and $750 for Expert Thomas Winner, for a total of $2,250.00 for both expert witnesses.
- Deposition fees will be re-taxed from $990.30 to $960.30 and from $218.12 to $193.00 respectively, for a total of $1,153.30.

**DATED** February 7, 2024

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**