**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| ANGELINA HENDRIX, *et al.*, | Case No. 2:20-cv-01856-RFB-EJY |
| Plaintiff, | **ORDER** |
| v. | |
| PROGRESSIVE DIRECT INS. CO., | |
| Defendant. | |

Before the Court is Defendant Progressive Direct Insurance Company's (ECF No. 66) Motion for Reconsideration. For the following reasons, the Court denies the Motion.

**I.   BACKGROUND**

On March 22, 2022, this Court granted Defendant's Motion for Summary Judgment on Plaintiff Angelina Hendrix's claims. ECF No. 31. On February 3, 2023, Defendant moved for entry of judgment and certification under Federal Rules of Civil Procedure 54(b). ECF No. 41. On July 26, 2023, the Court granted the Motion for Judgment and Certification, and confirmed that its March 22, 2022 Order granting summary judgment was "a final judgment under Rule 54(b)." ECF No. 49. On August 9, 2023, Defendant filed a Motion for Attorney's Fees relating to Plaintiff Hendrix claims and submitted a bill of costs. ECF Nos. 50, 51. The Motion for Attorney's Fees was fully briefed. ECF Nos. 52, 54. On September 12, 2023, the Clerk taxed Defendant's costs against Hendrix, including $22,195.00 for the fees for Defendant's two expert witnesses. ECF No. 55. On September 14, 2024, Plaintiff Hendrix filed her Motion to Retax and Settle Costs, which was fully briefed. ECF Nos. 56, 57, 58.

On February 7, 2024, the Court denied Defendant's Motion for Attorney's Fees and granted in part and denied in part Plaintiff's Motion to Retax. ECF No. 60. The Court retaxed Defendant's expert fees from $22,195.00 to $1,500.00 per expert, citing Nevada law, NRS 18.005(5), as establishing a presumptive cap of $1,500 per expert. The Court further halved the expert witness fee of Defendant's expert witness Thomas Winner because he provided an opinion for both Plaintiff Hendrix and Plaintiff John Lanza. Accordingly, Plaintiff was retaxed for a total of $2,250.00 for both of Defendant's expert witnesses. ECF No. 61.

More than four and a half months later, on June 25, 2024, Defendant filed the instant Motion for Reconsideration of the Court's February 7, 2024 Order, citing an amendment to NRS 18.005 by the Nevada Legislature, which raised the presumptive cap on fees for expert witnesses from $1,500 to $15,000 per expert, and took effect July 1, 2023. ECF No. 66. The Court's Order on the pending Motion for Reconsideration follows.

## II.   LEGAL STANDARD

The Court has discretion to grant or deny a motion for reconsideration. Navajo Nation v. Norris, 331 F.3d 1041, 1046 (9th Cir. 2003). However, "[a] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (citation and quotation marks omitted).

The Federal Rules of Civil Procedure do not address motions for reconsideration of interlocutory orders, such as an order on a motion to retax costs. This Court's Local Rules of Practice (LR) 59-1 on "Motions for Reconsideration of Interlocutory Orders" provides:

> (a) The court possesses the inherent power to reconsider an interlocutory order for cause, so long as the court retains jurisdiction. Reconsideration also may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.
>
> (b) Motions for reconsideration are disfavored. A movant must not repeat arguments already presented unless (and only to the extent)

> necessary to explain controlling, intervening law or to argue new facts. . .
>
> (c) Motions for reconsideration must be brought within a reasonable time. Lack of diligence or timeliness may result in the denial of the motion.

While LR 59-1 does not specify a deadline for a motion for reconsideration of an interlocutory order, motions for reconsideration of a final judgment under Federal Rule of Civil Procedure 59(b) are due within 28 days.

### III.   DISCUSSION

For the foregoing reasons, the Court, in its discretion, declines to reconsider its Order retaxing Defendant's expert fees.

Recoverable litigation costs are governed by the law in effect at the time of judgment. Hornwood v. Smith's Food King No. 1, 807 P.2d 208, 213 (Nev. 1991). Additionally, the Nevada legislature specified the amendment raising the cap on expert witness fees from $1,500 to $15,000 applied to cases "pending" on July 1, 2023, or "filed" on or after July 1, 2023. See A.B. 76, 82d Leg., Reg. Sess., § 2 (Nev. 2023).

As this Court clarified on July 26, 2023, its Order granting Defendant's Motion for Summary Judgment against Plaintiff Hendrix on March 23, 2022, was "a final judgment . . ." See ECF No. 49. Since the legislative amendment was not in effect at the time the Court entered judgment on Plaintiff Hendrix's claims, her case was not "pending" as of July 1, 2023, and the Court did not commit clear error in applying the presumptive expert witness fee cap of $1,500. Moreover, the legislative amendment took effect *before* the Court ordered retaxing of Defendant's expert fees. Therefore, the amendment cannot be characterized as "controlling, *intervening* law." Accordingly, the Court finds Defendant has failed to establish the requisite "extraordinary circumstances" to justify reconsideration.

Even if Plaintiff Hendrix's claims could be characterized as pending as of July 1, 2023, such that the statutory amendment would apply, based on the fact that the Court did not *formally* certify judgment until July 26, 2023, the Court finds an independent basis for denying Defendant's Motion

for Reconsideration as untimely. Defendant's delay of over four and a half months in moving for reconsideration was unreasonable, and Defendant has provided no justification for said delay, demonstrating a lack of diligence. See LR 59-1(c) ("Lack of diligence or timeliness may result in the denial of the motion."). All the bases for reconsideration that Defendant asserts in its Motion existed at the time the Court entered its Order retaxing costs, so Defendant could have moved for reconsideration of the Order within a reasonable time (*e.g.*, 28 days) but failed to do so.

In sum, the Court, in its discretion, finds reconsideration is not warranted here.

### IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the (ECF No. 66) Motion for Reconsideration is **DENIED**.

**DATED:** July 14, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**